## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| LYDELL ANTHONY COLLIER,  ) | |
| ) | |
|     **Movant,**  ) | |
| ) | |
| v.  ) | **CIVIL ACTION NO. 1:07-0281** |
| ) | **(Criminal No. 1:06-00072)** |
| UNITED STATES OF AMERICA,  ) | |
| ) | |
|     **Respondent.**  ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se* and incarcerated at USP Marion, filed his letter-form Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on May 3, 2007.[1] (Document No. 190.) By Standing Order, Movant's Motion was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 191.)

### FACTUAL AND PROCEDURAL BACKGROUND

Movant and co-defendants, Keyco Jones, James Wesley French III, Lasheba Jones, and Eric Riley, were charged in a Eleven-Count Indictment filed on April 17, 2006. (Criminal Action No. 1:06-00072, Document No. 13.) In Count One, Movant and co-defendants, were charged with conspiring to distribute quantities of cocaine, also know as "coke," and fifty grams or more of cocaine base, also known as crack, Schedule II controlled substances, in violation of 21 U.S.C. § 846. (Id.) In Count Eleven, Movant was charged with knowingly and intentionally possessing with

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

intent to distribute a quantity of cocaine, also know as "coke," a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). (Id.) On June 20, 2006, Movant pled guilty to Count One of the Indictment. (Id., Document Nos. 90, 94, and 95.) A Presentence Investigation Report was prepared. (Id., Document No. 128.) Movant was sentenced on September 19, 2006. (Id., Document No. 127.) The District Court determined that Movant had a Base Offense Level of 31, and a Total Offense Level of 28, "having applied a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1), because a dangerous weapon was possessed by the defendant; having applied a two-level decrease pursuant to § 3B1.2(b), because the defendant qualifies for a minor participant reduction for his role in the offense; having granted a two-level downward adjustment for acceptance of responsibility pursuant to § 3E1.1(a), because the defendant appears to have accepted responsibility for the essential elements of his offense of conviction; and having granted a further one-level downward adjustment upon motion of the Government pursuant to § 3E1.1(b), because the defendant timely notified authorities of his intention to plead guilty." (Id., Document No. 129, pp. 2 - 3.) The District Court ordered that Movant serve a 120-month term of incarceration to be followed by a five-year term of supervised release. (Id., Document No. 130.) Movant was further ordered to pay a special assessments of $100. (Id.) Movant did not appeal his sentence or conviction to the Fourth Circuit Court of Appeals.

On May 3, 2007, Movant filed his instant letter-form Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Id., Document No. 190.) Specifically, Movant states as follows:

> Your honor, I, Lydell Collier, was sentenced to 120 months in your court room on September 19, 2006. I had a 78 - 97 month guideline range, but the minimum was 120 months because of the nature of the conspiracy. I'm asking for a re-sentencing or reconsideration with a downward departure or safety valve based

>on these facts. I had asked my lawyer (Mr. Lapardus) to ask you for the safety valve, but for some reason or another he did not, nor did he explain why he didn't. I did have a gun enhancement, but the gun was not found with the drugs. It was three weeks after when the arrest was made and I cooperated with the DEA. When they asked me do I have any weapons in the house and I said yes, I have a registered gun in my bedroom drawer chest. This is all stated in my discovery. Also, when the traffic stop happen and Bluefield PD officer found the cocaine and called for Mr. Ted Jones' assistance, I cooperated fully with Mr. Jones giving information about the case, myself, and a couple other people non-related to the case as stated in my discovery. The only reason I didn't continue to do what Mr. Jones and the DEA wanted me to do is because I feared for my kids' lives, my mother's life, family, and my own life being taken. Also, I had stated that to Mr. Jones on tape about my fear for my kids' lives. My kids and mother mean the world to me. I do accept my responsibility in the conspiracy, and what decisions I made were wrong, but my kids are suffering the most at critical ages (4, 7, 11) where I was a big part of their lives. I've been keeping myself on a straight line since I've been locked up and here in Lee County prison camp. Studying any course available to better myself for when I do get out. In fact I already have four certificates (reading meas., reading blueprints, trouble shooting, and employment skills). Doing anything I can to better myself and my situation. Hopefully, if granted to me, I'll get the drug program and the time off. Last, but certainly not least, my lord and savior Jesus Christ is what really opened my eyes and turned my entire life around.

(Id.) Construing Movant's letter-form Motion liberally, the undersigned finds that Movant is asserting ineffective assistance of counsel as grounds for *habeas* relief. (Id.) Specifically, Movant claims that trial counsel failed to argue for a "safety-valve" reduction even though Movant requested that counsel make such an argument. (Id.) Therefore, Movant requests that his sentence be reduced. (Id.)

On December 11, 2008, Movant filed a letter-form Motion for Retroactive Application of Sentencing Guidelines regarding his Crack Cocaine Offense.[2] (Id., Document No. 254.) By

---

[2] On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. This retroactivity produces the opportunity for offenders to file motions under 18 U.S.C. § 3582(c)(2) seeking sentence reductions.

Memorandum Opinion and Judgment Order entered on May 15, 2009, the District Court denied Movant's request for a sentence reduction under 18 U.S.C. § 3582(c)(2). (Id., Document No. 270.) The District Court determined Movant was "not eligible for a reduced sentence because he was sentenced to the mandatory minimum sentence as required by the statute, and accordingly any change in his base offense level would not reduce the statutory mandatory minimum." (Id.) On November 12, 2009, Movant filed a "Motion for 1-to-1 Consideration Under Bill H.R. 3245 Fairness in Cocaine Sentencing Act of 2009." (Id., Document No. 271). By Order entered on January 6, 2010, the District Court denied the above Motion. (Id., Document No. 273.)

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805

(1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

Indigent criminal defendants have the constitutional right to effective assistance of counsel through a direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the

representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his

performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

Movant contends that counsel was ineffective in failing to argue for the application of the "safety-valve" reduction as set forth in U.S.S.G. § 5C1.2. Based on a review of the record, the Court finds that trial counsel did not act ineffectively in failing to seek a "safety-valve" reduction. The Presentence Report states as follows:

> 157. **Specific Offense Characteristic:** Pursuant to U.S.S.G. § 2D1.1(b)(1), if a dangerous weapon (including a firearm) was possessed by the defendant, the offense level shall be increased by two levels. At the time of his arrest, agents recovered a .45 caliber High Point handgun loaded with seven rounds of ammunition from a dresser drawer in the master bedroom of Mr. Collier's residence. Firearms are considered a "tool of the trade" for drug traffickers as they frequently possess firearms for personal protection as well as to protect illegal substances and drug proceeds. Based on the evidence in this case, a two-level increase is respectfully recommended.
>
> 158. **Specific Offense Characteristic:** Pursuant to U.S.S.G. § 2D1.1(b)(7), if the defendant meets the criteria set forth in subdivisions (1) - (5) of U.S.S.G. § 5C1.2, *Limitation on Applicability of Statutory Minimum Sentences in Certain Cases*, the Offense Level shall be reduced by two levels. Because a two-level increase is recommended pursuant to U.S.S.G. § 2D1.1(b)(1), the defendant does not meet the criteria established under U.S.S.G. § 5C1.2(a). Therefore, no reduction is recommended pursuant to U.S.S.G. § 2D1.1(b)(7).

(Criminal Action No. 1:06-00072, Document No. 128, pp. 40 - 41.) No objections were filed concerning the Presentence Report and the District Court adopted the Presentence Report as its findings of fact and conclusions of law. (Id., Document No.129, p. 2.) Title 18 U.S.C. § 3553(f) permits the Court, under certain circumstances, to sentence an individual on the basis of the United States Sentencing Guidelines rather than the statutory prescribed mandatory minimums. An

individual, however, is rendered ineligible for such treatment where he possesses a firearm in connection with drug dealing activities.[3] See 18 U.S.C. § 3553(f); and U.S.S.G. § 5C1.2(a)(2). In the instant case, Movant does not dispute that he possessed a firearm but contends that "the gun was not found with the drugs." During the search of Movant's residence, agents recovered "a .45 caliber High Point handgun loaded with seven rounds of ammunition . . . found in a dresser drawer in the

---

[3] U.S.S.G. § 5C1.2 provides as follows:

**(a)** Except as provided in subsection (b), in the case of an offense under 21 U.S.C. § 841, § 844, § 846, § 960, or § 963, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth below:

**(1)** the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of 4A1.3 (Departures Based on Inadequacy of Criminal History Category);

**(2)** the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

**(3)** the offense did not result in death or serious bodily injury to any person;

**(4)** the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

**(5)** not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

master bedroom" and "two bags of marijuana found in the freezer in the kitchen."[4] (Criminal Action No. 1:06-00072, Document No. 128, p. 32.) Thus, there was sufficient evidence to support a finding that Movant possessed the firearm in connection with the drug conspiracy.[5] See United States v. Wilson, 114 F.3d 429 (4th Cir. 1997)(finding that defendant did not qualify for a safety valve reduction where defendant admitted to owning two firearms during the conspiracy, and the firearms were kept in the home where proceeds from drug transactions were kept.); United States v. Vegas, 27 F.3d 773, 778 (2nd Cir. 1994)(stating that "drug dealers commonly keep firearms on their premises as tools of the trade). Movant, therefore, has failed to show there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceedings would have been different. See United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999)(stating that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"); Moore v. United States, 934 F.Supp. 724, 731 (E.D.Va. 1996)(holding that "there can be no claim of ineffective assistance where, as here, counsel is alleged to have failed to raise a meritless argument"). Accordingly, Movant's claim of ineffective assistance of counsel should be dismissed.[6]

---

[4] The undersigned notes that Movant was not charged for his marijuana possession. Movant, however, admitted that he was involved in the drug trade to support his own drug addiction. Movant acknowledged that he was addicted to marijuana and stated that the marijuana was for his personal use.(Criminal Action No. 1:06-00072, Document No. 128, p. 39.)

[5] The District Court adopted the Presentence Report, which stated that "[f]irearms are considered a 'tool of the trade' for drug traffickers as they frequently possess firearms for personal protection as well as to protect illegal substances and drug proceeds." (Criminal Action No. 1:06-00072, Document No. 128, p. 40.);

[6] To the extent Movant claims that the District Court improperly failed to apply the "safety-valve" reduction, the undersigned finds his claim to be without merit. Claims of errors under the

**PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned respectfully proposes that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's letter-form Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 190.) and **REMOVE** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

---

Sentencing Guidelines are generally not cognizable under Section 2255. The Fourth Circuit has explained as follows:

> [B]arring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding. Section 2255 provides relief for cases in which 'the sentence was in excess of the maximum authorized by law.' Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines.

*United States v. Pregent*, 190 F.3d 279, 283 - 84 (4th Cir. 1999). Movant's sentence in the instant case did not exceed the statutory maximum authorized by his plea of guilty (life). The undersigned notes that Movant was sentenced to the statutory minimum sentence (120 months).

Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber, and this Magistrate Judge.

      The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, who is acting *pro se*, and to counsel of record.

      Date: June 14, 2010.

R. Clarke VanDervort
United States Magistrate Judge